Cite as: 600 U. S. \_\_\_\_ (2023)　　　　1

# SUPREME COURT OF THE UNITED STATES

―――――――

No. 23A73

―――――――

## CITY OF TULSA, OKLAHOMA *v.* JUSTIN HOOPER

### ON APPLICATION FOR STAY

[August 4, 2023]

The application for stay of the mandate presented to JUSTICE GORSUCH and by him referred to the Court is denied. The order heretofore entered by JUSTICE GORSUCH is vacated.

Statement of JUSTICE KAVANAUGH, with whom JUSTICE ALITO joins, respecting the denial of the application for stay.

The City of Tulsa's application for a stay raises an important question: whether the City may enforce its municipal laws against American Indians in Tulsa. For example, may Indians in Tulsa violate the City's traffic safety laws without enforcement by the City?

The application, however, arises in an interlocutory posture. The District Court granted the City's motion to dismiss on the ground that the Curtis Act of 1898, see ch. 517, 30 Stat. 495, gives the City jurisdiction over municipal violations committed by all persons, including Indians. But the Court of Appeals for the Tenth Circuit reversed, holding that the Curtis Act confers no such jurisdiction. The Court of Appeals then remanded the case to the District Court for further proceedings.

Importantly, the Court of Appeals declined for now to reach an additional argument raised by the State of Oklahoma as *amicus curiae*: that the City may exercise jurisdiction under the reasoning in *Oklahoma* v. *Castro-Huerta*, 597 U. S. \_\_\_ (2022). On remand in the District Court, the City may presumably raise that argument. Moreover, as I

understand it, nothing in the decision of the Court of Appeals prohibits the City from continuing to enforce its municipal laws against all persons, including Indians, as the litigation progresses.